## Betz, Appellant, v. Betz.

Argued September 29, 1931. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Robert G. Erskine,* and with him *Hugh Roberts,* for appellant.

*Samuel Kagle,* and with him *George C. Klauder,* for appellee.

OPINION BY TREXLER, P. J., December 11, 1931:

Husband and wife lived in Bristol, Bucks County. In the spring of 1927, the wife left their common domicile and went to Philadelphia where she had formerly lived and at the time she brought this suit, she was a resident of that city.

On May 5, 1927, soon after she had left him, the husband brought an action of divorce in Bucks County, the ground alleged being desertion. She appeared and answered the libel. The matter was still undetermined when on April 5, 1928, she filed a libel in the County of Philadelphia asking for a divorce a mensa et thoro and her husband entered a general appearance. The latter case proceeded until September 17, 1930, when the husband filed a petition for a rule to show cause why the proceedings should not be dismissed. On April 27, 1931, the court of common pleas of Philadelphia County made absolute the rule to dismiss the proceedings, the reason being that "the action having been instituted in Bucks County when both parties were at that time residents, prior to the one before

this tribunal wherein the then respondent is now libellant in an action a mensa et thoro, the court of original jurisdiction should have jurisdiction over the entire controversy'' and the libel was accordingly dismissed. From this order the present appeal is taken.

Can the court of one county assume jurisdiction in a divorce suit brought by the wife when a suit between the same parties is still pending in another county in which suit the wife is respondent? The matter has not been passed upon by either of our appellate courts. Our attention has been called to decisions of sister states in which the position is taken that the rights of husband and wife must be settled in one action, but in most of these states are statutes which provide for cross-actions and either party may in such cases obtain a decree granting a divorce. In our state there is no such statute.

In Starr v. Starr, 78 Pa. Superior Ct. 579, this court decided that to recognize cross-actions in divorce would be ''to introduce into our already complicated divorce practice in Pennsylvania an entirely new and unwarranted procedure. Neither by statutory allowance or procedure have we such a thing known as a cross-libel in divorce.''

In Zieger v. Zieger, 14 Weekly Notes of Cases 122, Judge BIDDLE stated that there is no reason why each party should not bring a separate suit in divorce against each other for a different cause of action. There can be no question that husband and wife may have separate and distinct residences and that the residence of the husband does not determine that of the wife so as to govern her right to a divorce: Hilyard v. Hilyard, 87 Pa. Superior Ct. 1; Ulizio v. Ulizio, 96 Pa. Superior Ct. 91.

The wife was not bound to await the determination of the Bucks County case and if she won that, bring her action in Philadelphia County. After she moved

to Philadelphia the forum in which to institute an action of divorce was Philadelphia County. She could no longer bring an action in Bucks County. All she could hope for in Bucks County was to defeat the husband's action. Unless the rights of both parties could be finally determined in one suit, it would be unjust that the respondent should be barred from pressing her suit until the first action is determined. The decision of the lower court, if it is to be sustained, must be upon the theory that the rights of both parties can be determined in the Bucks County court, but as we have already stated the wife may have a decision in her favor, but she cannot get a divorce. We think she had the right to maintain her suit in Philadelphia and she cannot be deprived of that right unless a final decree of divorce is entered against her in the other action before her suit is determined. Of course in that event, her suit instanter fails. The fear that there may be conflict of jurisdiction between courts is more fanciful than real. Neither court in any event would attempt to set aside the judgment entered by the other. When either case is finally decided, the other court can take cognizance of it and govern itself accordingly. We are all of the opinion that the husband cannot, by bringing an action, deprive the wife of her right to do the same, for the obvious reason as already stated that the one action does not necessarily determine the rights of both parties.

The action of the lower court in dismissing the proceedings is reversed and the case is reinstated.