Commonwealth ex rel. Branch *v.* Branch, Appellant.

Argued September 25, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*David Freeman,* with him *Claude O. Lanciano,* for appellant.

*Jack C. Briscoe,* with him *Robert C. Duffy, Hazel H. Brown,* Assistant District Attorney, and *John H. Maurer,* District Attorney, for appellee.

OPINION BY HIRT, J., November 15, 1951:

The parties, residents and citizens of Pennsylvania, were married on January 27, 1927. Defendant is the beneficiary of a trust in the estate of his father by the terms of which the Corn Exchange National Bank and Trust Company of Philadelphia, as trustee, was di-

rected to pay him $100 per month during the term of ten years from February 14, 1948. Pursuant to a written agreement entered into by the parties on May 14, 1948, the lower court ordered the defendant to pay his wife $15 weekly for her support. He has defaulted in all payments on the support order since January 1949. Defendant, shortly before the date of the support agreement, had been unsuccessful in securing a decree of divorce from relatrix in an action brought by him in the common pleas of Philadelphia. In November, 1950, on affidavit of relatrix that defendant had separated himself from her without cause and had left for Florida without providing for her maintenance, the lower court issued its warrant of seizure under section 7 of the Act of June 24, 1937, P. L. 2045, 62 PS §1977, attaching so much of defendant's interest in the trust fund as may be reasonable for her maintenance.

The Corn Exchange Bank admitting the trust, in its answer to the warrant of seizure averred on information that defendant was a resident of Fort Myers, Florida, and that he had been divorced from his wife as of June 19, 1950, by final decree in a proceeding brought by him in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, in Chancery.

Defendant on petition was permitted to intervene in the attachment proceeding and after hearing, the lower court confirmed the warrant of seizure and dismissed defendant's petition to vacate the support order and remit the payments in arrears. Hence this appeal by the defendant. Whether the attachment was valid, permitting the relatrix to look to the trust fund for her present and future support, will ultimately depend on the validity of the Florida divorce decree.

Under the full faith and credit clause of the Federal Constitution a divorce decree entered by a state

court must be respected in all other states as prima facie valid. But the validity of a divorce decree entered by a court of another state may be attacked collaterally and impeached for want of jurisdiction of either the subject matter or the person of the adverse party to the proceeding. *Williams v. North Carolina,* 325 U.S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577. The cases have been collected and the principles involved have been thoroughly discussed by Judge Ross in *Commonwealth v. Petrosky,* 168 Pa. Superior Ct. 232, 77 A. 2d 647.

The record of the divorce case in the Florida Court was admitted in evidence in the present proceeding so that relatrix had the burden of proving the invalidity of the divorce decree on jurisdictional grounds. This was a heavy burden since the defendant relied on the prima facie validity of his decree and did not appear in the court below where he would have been subject to cross-examination by relatrix. Every party to a proceeding in a court of this Commonwealth has the right, but is not obliged, to appear. Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 17 PS §1601. The relatrix was not in position to compel personal appearance of the defendant and she was at a disadvantage in that she had relied on cross-examination of him to establish the invalidity of the Florida divorce.

The circumstances cast suspicion on the good faith of defendant's domicile in Florida, but for the reasons indicated the record is barren of testimony on the subject. The lower court dismissed the proceeding on the ground that the Florida Court lacked jurisdiction because a mandate of the divorce statute of that state had not been complied with, in respect to notice of the action to relatrix. Service on her was had only by publication in the State of Florida although her place of actual residence in Philadelphia County was well known to defendant. She had no knowledge of the

divorce action, prior to the offer of the record of it in the present proceeding. It may be that the divorce decree is invalid on that jurisdictional ground but the present record does not clearly support the action of the lower court in so holding.

However, we are all of the opinion that the order must be opened and the record remitted for further proceedings. The deposition of defendant may be taken and in so doing the relatrix will not be limited to written interrogatories in cross-examining him. His testimony as well as that of other material witnesses may be taken on oral examination in Florida, with leave of the lower court, under Rules of Civil Procedure, 4003, 4007 and 4008, all of which became effective June 1, 1951, and apply to pending cases. By refusing to appear in the court below the defendant has invited the relatrix to discover the facts through competent counsel, sent to Florida for that purpose under the procedure above indicated. Rule of Civil Procedure, 4008, contains authority for an allowance to her for expenses and counsel fees in the discretion of the court.

This disposition of the case is made in the interests of justice under the broad powers of this court conferred by §8, par. 8, of the Act of June 24, 1895, P. L. 212, 17 PS §192.

Order set aside and the record remitted for further proceedings.