## Commonwealth ex rel. Branch *v.* Branch, Appellant.

Argued October 15, 1953. Before RHODES, P. J., RENO, ROSS, GUNTHER and WOODSIDE, JJ.

*David Freeman*, with him *Claude O. Lanciano*, for appellant.

*Jack C. Briscoe*, with him *Robert C. Duffy*, for appellee.

OPINION BY GUNTHER, J., April 15, 1954:

In *Com. ex rel. Branch v. Branch*, 170 Pa. Superior Ct. 45, 84 A. 2d 369 (1951), HIRT, J., detailed the background of this controversy. Plaintiff, wife, in November, 1950, sought a warrant of seizure of a trust fund in the Corn Exchange Bank of Philadelphia, of which her husband, appellant herein, was beneficiary.

The bank filed an answer, and appellant intervened. They averred that defendant has been granted a divorce on June 19, 1950, by the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, in Chancery. Appellant petitioned the court below to dismiss the warrant and to vacate and remit arrearages accrued under a support order that had been entered in Philadelphia by agreement of the parties on May 14, 1948. The court confirmed the warrant of seizure, and dismissed the husband's petition. On appeal, this Court set aside the order and remitted the record so that the validity of the Florida decree could be more conclusively determined. Pursuant to that order, appellant's deposition was taken in Florida and the court below again declared the Florida divorce decree invalid.

The sole question before us is whether the appellee has proven that fraud was practiced upon the Florida court so as to render the divorce decree void and not entitled to full faith and credit. The Florida divorce law requires that the plaintiff file an affidavit setting forth the address of his nonresident spouse, if known, or stating that such address is unknown to him. The clerk of courts then orders publication of notice, and, if the defendant's address is given in the affidavit, mails a copy of the notice to the address so stated. In this case the wife has testified that she received no notice of the pendency of the divorce action, although she continued to reside at a Delaware County address known to her husband. The record from Florida was introduced into evidence in the court below, but it discloses only the fact that a decree was entered after service by publication. The record is incomplete in failing to show the contents of the affidavit filed by the husband, and whether, in pursuance of such affidavit, the clerk of courts did or did not

mail a notice to the wife. The depositions taken from the husband likewise shed no light on the contents of the affidavit. From this inadequate set of facts the court below inferred that the husband had practiced fraud on the Florida court, whereas the Florida record introduced below was incomplete in that it failed to disclose the affidavit upon which the proof of fraud must be founded.

This Court, therefore, has taken upon itself to complete the record by communication with the appropriate clerk of courts in Florida. Although a court generally lacks the power to take judicial notice of the record in another case, such action was specifically approved by this Court in *Hall v. Hall*, 122 Pa. Superior Ct. 242, 186 A. 318, because a divorce proceeding is a special form of action in which the state is an interested third party and has the duty to ascertain all pertinent facts. Further, we are merely completing a Florida record, most of which was admitted into evidence in the court below. Our investigation discloses that the husband filed an affidavit setting forth the residence of his wife and that the clerk of courts in Florida did mail a copy of the notice to her. In light of these facts it is clear that it has not been proven that fraud was practiced on the Florida court. The appellant's divorce decree must therefore be given full faith and credit. The wife has now had two opportunities to attempt to prove that decree's invalidity. Having failed to do so, her support order must fail.

Judgment reversed, the order of support is hereby vacated and arrearages subsequent to June 19, 1950, are remitted, but the warrant of seizure is confirmed as to arrearages up to June 19, 1950.