## Buncher *v.* Buncher, Appellant.

Argued December 17, 1965.  Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Allen N. Brunwasser,* for appellant.

*Clyde P. Bailey,* for appellee.

Opinion by Wright, J., March 24, 1966:

We are here concerned with an appeal by the wife from an order of the Court of Common Pleas of Allegheny County refusing to strike and vacate a decree in divorce. It will be necessary to briefly outline the history of the proceeding.

On August 17, 1964, at No. 1871 October Term 1964, Jack G. Buncher filed a complaint in divorce a.v.m. against his wife, Elaine Buncher, on the ground of adultery. Following the filing of an answer by the wife and a bill of particulars by the husband, the court below, on November 12, 1964, waived its rule respecting the appointment of a master and referred the case to Judge Olbum for hearing and disposition. This order was entered because Judge Olbum had heard the testimony at No. 1494 October Term 1964, which was a habeas corpus proceeding involving the custody of Stephen Buncher, minor child of the parties.[1] On November 19, 1964, written notice was served on Rasha

---

[1] The child was born on February 10, 1957. By order dated April 21, 1965, custody of the child was awarded to the father. The mother has certain visitation rights.

Rodell, corespondent named in the divorce complaint, that the case would be tried in Court Room No. 7 on December 2, 1964, at 3:00 p.m. At that time the husband and wife appeared with their attorneys. The corespondent did not appear. Because of conflict with a jury trial then in progress, the hearing was continued until December 17, 1964, on which date testimony was taken. On December 22, 1964, a final decree in divorce was entered. On April 5, 1965, present counsel for the wife presented a petition to strike and vacate the divorce decree, to which petition the husband, on April 21, 1965, filed an answer. On July 12, 1965, an order was entered, with opinion, in which the petition to strike and vacate was denied. On the same date an order was filed making the record at No. 1494 October Term 1964 a part of the record in the divorce action. On September 16, 1965, a petition for reconsideration was refused. This appeal followed.

Appellant first contends that the decree should be stricken because the testimony in the divorce action as to her commission of adultery was "vague, undetailed, and not clear and convincing". On the contrary, we agree with the court below that there is ample evidence in the record of the divorce proceeding to establish that appellant committed adultery with the named corespondent. The decree is clearly valid on its face. Appellant's brief expressly states: "This is not a petition to open but to strike". The distinction between petitions to open and petitions to strike is set forth in *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154. While there is no time limit within which to act in striking off or vacating a decree, other than it must be within a reasonable time after knowledge, an application to open must be made within term time except in extraordinary equitable circumstances: *Wisecup v. Wisecup*, 190 Pa. Superior Ct. 384, 154 A. 2d 332. A decree will not be opened after term time absent a showing of ex-

trinsic fraud, which means conduct by the prevailing party preventing a fair submission of the controversy: *Masciulli v. Masciulli*, 194 Pa. Superior Ct. 646, 169 A. 2d 562. Alleged insufficiency of evidence is not a contention which may be raised after the expiration of the term in which the decree was entered. Cf. *Contakos v. Contakos*, 204 Pa. Superior Ct. 445, 205 A. 2d 619.

Appellant further contends that it was improper for the court below to incorporate the record in the habeas corpus action. We have carefully reviewed the testimony in both proceedings. The matter of appellant's adultery had been thoroughly aired in the custody case, in which the record contains over 400 pages of testimony.[2] Counsel for both parties therefore chose to limit the testimony in the divorce case to a minimum. This was done to avoid further embarrassment to the appellant. As aptly stated in the opinion below: "In light of the testimony we have heard in the habeas corpus action, we feel that it would be unconscionable to permit this divorce decree to be challenged or disturbed on the ground that adultery has not been sufficiently proved. Because the petitioner now seeks to take advantage of the consideration for her sensibilities manifested by counsel for plaintiff in the divorce hearing,

---

[2] No appeal was taken from the order in the habeas corpus action. Here pertinent is the following excerpt from Judge OLBUM's opinion in that proceeding: "The uncontradicted testimony of a neighbor, three members of the Buncher Miami household domestic staff, a house guest on a several weeks' stay (Mrs. Price), and a detective engaged by Mr. Buncher, establishes that an adulterous relationship existed over a period of several months between this relatrix and Mr. Rodell, that on innumerable occasions during this period they occupied the master bedroom in respondent's Miami home while he was in Pittsburgh taking care of his business, that the relatrix's lover literally 'moved in' to the Buncher home, and that they flaunted this meretricious relationship".

and because we feel that justice will thereby be served, this Court has, sua sponte, ordered that the record in the habeas corpus action be made a part of the record in this divorce case. There is no valid reason why this Court should blind itself to the fact that the adultery of the petitioner has been established in an adversary proceeding between the same parties, beyond the peradventure of a doubt".

While a court ordinarily does not take judicial notice of the record in another case, it has been held that this general rule does not strictly apply in divorce actions: *Commonwealth ex rel. Branch v. Branch,* 175 Pa. Superior Ct. 373, 104 A. 2d 183; *Verbalis v. Verbalis,* 206 Pa. Superior Ct. 87, 211 A. 2d 130. And see *Galloway v. Galloway,* 188 Pa. Superior Ct. 313, 146 A. 2d 383. Since the State is an interested party in every divorce action, the court is vested with a liberal legal discretion to inquire into the record of another proceeding between the same parties: *Hall v. Hall,* 122 Pa. Superior Ct. 242, 186 A. 318. As to appellant's belated suggestion of possible connivance on the part of appellee, no such defense was raised. Section 52 of The Divorce Law of May 2, 1929, P. L. 1237, 23 P.S. 52, provides that, if the defendant shall allege and prove connivance or the same shall appear in the evidence, it shall be a defense to the charge of adultery. See *Berezin v. Berezin,* 186 Pa. Superior Ct. 340, 142 A. 2d 741. When such a defense is asserted, it must be established by distinct and positive evidence: *Teresi v. Teresi,* 109 Pa. Superior Ct. 513, 167 A. 235. Appellant not only failed to allege connivance, but also made no attempt to prove it.

Appellant further contends that the corespondent was not given proper notice. Pa. R. C. P. No. 1136 requires that ten days notice of the hearing be given to the corespondent. While this requirement is mandatory, *Brower v. Brower,* 157 Pa. Superior Ct. 426, 43

A. 2d 422, it is not necessary to join the corespondent as a party: *Coverdale Appeal,* 188 Pa. Superior Ct. 587, 149 A. 2d 573. As previously indicated, the instant record clearly shows that a notice was personally served on the corespondent informing him that the case would be tried in Court Room No. 7 at 3:00 P.M. on December 2, 1964. The corespondent did not choose to appear at that time. Had he done so, he would have learned that the hearing was continued until December 17, 1964. It is not required that a corespondent who makes no effort to avail himself of the opportunity to appear at the hearing should thereafter be specially notified of a continuance.

Appellant's final contention is that there was no affirmative testimony that the action was not collusive. As required by Pa. R. C. P. No. 1126, the complaint contained an allegation that the action "is not collusive". The answer specifically admits this allegation. Indeed, appellant does not assert that collusion actually existed. In this connection Judge OLBUM makes the following pertinent statement: "In addition, we are certain from the facts and from the relationship between the parties that no collusion, nor a scintilla thereof, occurred in this case; and that neither fraud nor imposition was practiced on this Court . . . Having presided over both the habeas corpus hearing and the divorce hearing, we can state categorically that both actions were adversary in nature throughout. The rancor and settled estrangement that have been generated between these parties have made it impossible for them to agree on anything".

Appellant cites cases in which collusion affirmatively appeared in the evidence. No such situation exists here. Since nothing appears on the face of the record to indicate collusion, appellant's contention forms no basis for a motion to strike. It may be appropriate to also point out that appellant would not be entitled to

have the decree opened on the ground of collusion, since the term itself implies an agreement to which she necessarily was a party. A party to a collusive agreement may not set up that agreement to invalidate a divorce decree: *Tanis v. Tanis,* 206 Pa. Superior Ct. 213, 213 A. 2d 102.

Order affirmed.