## Schmidt v. Schmidt

*Peter A. Glascott*, for plaintiff.
*Emanuel H. Klein*, for defendant.

BECKERT, J., June 16, 1966.—This case comes before us on defendant's preliminary objections seeking thereby to dismiss plaintiff's complaint for a divorce a mensa et thoro, on the grounds that defendant, prior to the filing of the instant complaint, had commenced an action in divorce a vinculo matrimonii against plaintiff in Montgomery County. Defendant is, therefore, asserting a defense of lis pendens and, pursuant to Pennsylvania Rule of Civil Procedure 1125(B)(4), this defense may be raised by preliminary objections to the complaint. Defendant bottoms his preliminary objections on the wording of Pa. R. C. P. 1130(b), which reads:

"The defendant may set forth in his answer under the heading 'counterclaim' a cause of action for divorce or annulment, and whether he does so or not, may set forth any other matter which may by Act of Assembly be joined with an action of divorce".

We do not agree with defendant's contention that by virtue of the promulgation and adoption of Pa. R. C. P. 1130(b), plaintiff is limited to filing a counterclaim in the pending Montgomery County divorce action. Nor do we agree with defendant's contention that Pa. R. C. P. 1130(b) had the effect of overruling the holding in Betz v. Betz, 103 Pa. Superior Ct. 306. This case held that the court of one county may assume jurisdiction in a divorce suit brought by the wife as plaintiff, even though a suit between the same parties is pending in another county in which the wife is defendant.

We conclude that the right to file a counterclaim in a pending divorce action for divorce or annulment is optional with defendant in that action, but that she is at liberty to bring an independent action with respect to any matters which she could have asserted as a counterclaim, but, for any reason, did not. We have found no cases on this point construing Pa. R. C. P. 1130(b) that have been decided since its effective date of October 1, 1961, but believe that the rationale of the text writers and the reported decisions construing Pa. R. C. P. 1031, counterclaim, is applicable to rule 1130(b), for in both rules, the permissive word "may" is found. See Goodrich-Am. §1031(b)-1; 2A Anderson Pa. Civ. Prac. §1031.3.

We, therefore, enter the following

ORDER

And now, June 16, 1966, defendant's preliminary objections are overruled and dismissed. Defendant is granted leave to file responsive pleadings to plaintiff's complaint within 20 days from the date hereof.