## D'Amico v. D'Amico

*William E. Duffield*, for plaintiff.

*Peter U. Hook*, for defendant.

FEIGUS, J., May 26, 1969.—This divorce action is before the court en banc upon wife defendant's preliminary objections raising the defense of the pendency of a prior action of divorce filed by her in Allegheny County.

Husband plaintiff filed the instant complaint in divorce on January 7, 1969, seeking a divorce from the bonds of matrimony on the ground of indignities to the person. Paragraph 9 of the complaint, relating to the pendency of wife defendant's prior complaint,

reads as follows: "9. Plaintiff avers that a complaint for divorce from bed and board was instituted by defendant in Allegheny County, at No. 3885 January Term, 1969." Service of the complaint was made on defendant in Allegheny County by deputization on January 16, 1969.

The preliminary objections filed without notice to plead, contain the following averments, inter alia:

1. This action was commenced in this court on January 7, 1969.

2. Prior thereto, on December 24, 1968, defendant, Lydia R. D'Amico, had commenced an action in divorce against plaintiff, Sullivan F. D'Amico, in the Court of Common Pleas of Allegheny County, Pa., January Term, 1969, no. 3885.

3. On or about January 6, 1969, plaintiff herein filed his answer to the action commenced by defendant herein against him in the Court of Common Pleas of Allegheny County.

4. The action brought by defendant herein against plaintiff herein was pending before the Court of Common Pleas of Allegheny County before this action was instituted and is now pending and at issue for disposition before that court.

5. The action brought by defendant herein against plaintiff herein in the Court of Common Pleas of Allegheny County is a prior action pending before another court and involving the subject matter of this action.

It will be observed that the complaint filed in this court fails to set forth the grounds, the date of commencement, and the present status of the prior proceedings instituted by defendant in the Court of Common Pleas of Allegheny County, Pa., as required by Pennsylvania Rules of Civil Procedure 1126(8). The preliminary objections set forth no averment of grounds for divorce contained in defendant's prior action, although averments are contained therein to the effect

that said prior action was filed on December 24, 1968, and that an answer was filed by her husband, defendant therein, and that it is now pending and at issue. We believe that we should at this juncture of the case require strict compliance with Pa. R. C. P. 1126: Keiter v. Keiter, 16 Cumb. 103; Rossman v. Rossman, 16 Cumb. 45; Altland v. Altland, 5 Adams 76; 1 Goodrich-Amram, §1126-3; 27 Pa. Bar Assn. Quarterly 358, 359.

Prior to the adoption of the Pennsylvania Rules of Civil Procedure, the right of married persons to file separate actions of divorce against each other in the same or other jurisdictions was long recognized in this State: Betz v. Betz, 103 Pa. Superior Ct. 306; Cillo v. Cillo, 29 Northumb. 57; 2 Freedman, Law of Marriage and Divorce in Pennsylvania 1160. We do not believe that any of the existing provisions of the rules of civil procedure applicable to divorce actions prevent the filing of separate actions of divorce in different jurisdictions as heretofore. As we view the provisions of Pa. R. C. P. 1126(8), regarding prior actions between the parties, they are designed to make information available in the pleading stage of the case, so that questions of pending actions, residence, domicile and res judicata, etc., may be determined in limine: 27 Pa. Bar Assn. Quarterly, supra. Nor does the recent amendment to Pa. R. C. P. 1130, allowing but not requiring counter-claims to be included in the answer to a complaint in divorce, impliedly affect the right of defendant to file and prosecute his or her separate action: Schmidt v. Schmidt, 39 D. & C. 2d 477.

In the instant matrimonial controversies, we are confronted with a complaint in divorce filed in this county by husband against wife praying for a divorce from the bonds of matrimony and a second but prior complaint filed by wife against husband in Allegheny County, praying for a divorce from bed and board. In

our view, the wife's prior action in Allegheny County is not lis pendens, inasmuch as she is plaintiff therein, requesting a divorce from bed and board, whereas she is defendant in the husband's instant action requesting a divorce from the bonds of matrimony, in each case a different form of relief. The defense of lis pendens or pendency and abatement of a prior action under Pa. R. C. P. 1017 is applicable only to cases in which the same persons are party plaintiffs and party defendants seeking the same relief: Hessenbruch v. Markle, 194 Pa. 581, 593; Travelers Ins. Co. v. Abbott, 108 Pitts. L. J. 120; Expan Construction Co. v. Mariotti, 16 Lawrence 125; Karp v. Sun Insurance Office, Ltd., 83 D. & C. 566. It may be interposed where the same party is plaintiff in two pending divorce actions: Geiger v. Geiger, 54 D. & C. 557; Grumbine v. Grumbine, 30 Luz. 305, 307; 3 Freedman, Law of Marriage and Divorce in Pennsylvania 1290, 1291. Significantly, Pa. R. C. P. 1127 (a) recognizes the distinctiveness of the two types of relief, from bed and board and from the bonds of matrimony, by proscribing their joint inclusion in a single complaint.

It should be noted that despite our present disposition of the preliminary objections, defendant and plaintiff herein may each resort to Pa. R. C. P. 214 and 216 (4) for a continuance or stay or preference of the instant proceedings. We have no doubt of our power to grant the same conditionally, upon a showing of proper cause: Curtis Keal Transport Co., Inc. v. McCarren, 4 D. & C. 2d 561, 563; 1 Goodrich-Amram §§214-8 and 216(a) 5.

### ORDER

And now, May 26, 1969, defendant's preliminary objections are overruled and dismissed. The court sua sponte directs plaintiff to file an amended complaint within 20 days from date in conformity with this opinion.