488 A.2d 17

**Wilbur B. GANTZ**

v.

**Lillie I. Heisey GANTZ, Appellant.**

Superior Court of Pennsylvania.

Argued July 17, 1984.

Filed Feb. 6, 1985.

530

Arthur L. Jenkins, Jr., Norristown, for appellant.

Joan B. Stuart, Norristown, for appellee.

Before CAVANAUGH, BECK and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from a final Decree in Divorce, entered September 26, 1983, in the Court of Common Pleas of Delaware County. We are here presented with an issue of first impression under the 1980 Divorce Code 23 P.S. § 101 et seq.

Appellant, Lillie Gantz, was the named defendant in a divorce action filed April 13, 1981 in Delaware County under § 201(c)[1] of the Divorce Code. No issues other than dissolution of the marriage were joined. Appellee filed his plaintiff's affidavit under § 201(d)[2] on August 18, 1983.

1. 23 P.S. § 201(c)

(c) It shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and 90 days have elapsed from the date of filing of the complaint and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce.

2. 23 P.S. § 201(d)

Appellant, without denying the averments of a three year separation or irretrievable breakdown, filed exceptions contending that the Delaware County Court was without jurisdiction to proceed to final judgment. The basis of this claim was that on February 28, 1983, approximately one year and seven months after the filing of the Delaware County action, appellant instituted another divorce action, as plaintiff, in the Court of Common Pleas of Montgomery County in which economic issues were included. The Montgomery County master recommended divorce after resolution of the economic issues. This proceeding, appellant claimed in her exceptions and now claims in appealing from the decree, deprived the Delaware County Court of the authority to grant a divorce. We disagree.

■ Appellant cites *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983) in advancing the proposition that the court of Delaware County erred in refusing to bifurcate the proceedings, thus rendering its decree invalid. However, the court had no economic issues before it on which to base bifurcation (none having been pleaded), and given appellant's failure to deny the averments of appellee's § 201(d) affidavit, was not only justified in addressing the dissolution issue alone, but deprived of discretion to do otherwise. *Thill v. Larner*, 321 Pa.Super. 62, 467 A.2d 894 (1983).

■ Although appellant attempted to protect her property rights, harmed it is claimed, by entry of the final decree, by filing a separate complaint in Montgomery County, we find this action violative of the spirit if not the letter of the joinder and counterclaim provisions of the 1980 Divorce Code. Section 301(a) reads in pertinent part:

> (d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:
>> (i) the respondent does not deny the allegations set forth in the affidavit; or
>> (ii) the respondent denies one or more of the allegations set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken.

301 Jurisdiction (a)

The courts of this Commonwealth as defined in § 104 shall have original jurisdiction in cases of divorce and for the annulment of void or voidable marriages and where they have jurisdiction, shall determine in conjunction with any decree granting a divorce ... the following matters where raised in the complaint or the answer, an issue appropriate decrees or orders with reference thereto and may retain continuing jurisdiction thereof:

(1) the determination and disposition of property rights and interests between spouses. ...

As the legislative history [3] and the Joint State Government Commission Report, June 1961, Proposed Divorce Code for Pennsylvania, Comments on this section indicate, the intent is to make mandatory, rather than permissive, the consolidation of all issues germane to the dissolution of a marriage so as to prevent fragmentation such as is displayed by this case. *See* Rounick, *Pa. Matrimonial Practice*, Volume 1, §§ 13.3–13.4.

The case of *Betz v. Betz*, 103 Pa.Super. 306, 157 A. 359 (1931) decided when counterclaims were not permitted in divorce, and necessarily relied on by those few lower courts faced with the issue,[4] held that parallel jurisdiction was permissible because such jurisdiction eliminated "... the deadlock which resulted from denying a divorce to a plaintiff and at the same time refusing to permit a defendant, who had grounds for divorce, to file a crossbill [by permitting] the defendant ... to file a separate action for divorce or annulment even while the plaintiff's action was pending." *See* Goodrich Amram 2d 1130(b):1. Prior rule 1130(b) allowed for such counterclaims while making them clearly permissive in nature and retained the option of separate actions. We feel that 23 P.S. § 301(a) must be interpreted to require consolidation of all issues in divorce so as to counter the "monumental waste of judicial time and

3. September 25, 1977, HJ 1825R, 1826L.

4. *Ravetz v. Ravetz,* 109 Montg. Co. LR 125 (1981). *Bem v. Bem,* 30 Ches.Co.Rep. 276 (1982).

litigant's money" *Ravetz, supra* at 126, which is represented by continued application of an antiquated procedure no longer justifiable by circumstances or policy. *Altschuler v. Altschuler,* 334 Pa.Super. 111, 482 A.2d 1106 (1984). After consolidation has been achieved, bifurcation may then proceed or not according to the governing rules, the wishes of the parties and the discretion of the one court which can oversee the matter in its entirety. The same regularity, consistency and predictability must be brought into the proceeding for divorce as has occurred in custody and to a lesser extent, support actions.[5] We do recognize that this ruling must be prospective only and therefore, may not be applied in the instant case.

■ It is clear from the hearing held before Judge Tressler of Montgomery County that appellant's main purpose in filing a duplicate action, rather than joining economic issues in Delaware County, was to escape what counsel felt were less advantageous local rules regarding equitable distribution.[6] Keeping in mind appellant's attempt at forum shopping, and the prospective application of a consolidation requirement, the question of remedy remains.

■ Appellant has requested that the Order of the Delaware County Court dissolving her marriage be stayed pending an adjudication by the Montgomery County Court. We see no reason for such an action and, in fact, see no reason for any action whatever. Appellant's economic claims are before the Montgomery County Court where she has voluntarily placed them; she has received a divorce, albeit not when or where she desired. A stay of the Delaware County decree would, therefore, serve no useful purpose.

5. Our ruling herein does not effect Rules 1920.31(c) or 1920.32(b) which allow claims for child support or custody respectively to be brought at any time.

6. The general rule that judicial notice may not be taken of proceedings in other courts is inapplicable in divorce cases. *Buncher v. Buncher,* 207 Pa.Super. 322, 217 A.2d 861 (1966); *Verbalis v. Verbalis,* 206 Pa.Super. 87, 211 A.2d 130 (1965); *Commonwealth ex rel. Branch v. Branch,* 175 Pa.Super. 373, 104 A.2d 183 (1954).

534

In conclusion we would urge that with all deliberate speed, the Pennsylvania Supreme Court Civil Rules Committee promulgate rules which provide guidance to the Bench and Bar as to appropriate considerations of venue, consolidation, certification and bifurcation. Such rules should contain provisions to guide the trial judges in the determination of the appropriate venue and include but not be limited to consideration of: residence of the parties, county of dominant interest, issues to be resolved (i.e., divorce, property, support, custody), location of property subject to distribution, employment, relative convenience and expense. Obviously an absolute rule could create as many problems as none at all, but with a reasoned approach and trust in the good sense and discretion of the trial judges, much of the current confusion and manipulation can be eliminated.

Order of the Court of Common Pleas of Delaware County granting the Decree in Divorce is affirmed.