## Gibson v. Gibson

*John M. Leonard,* for plaintiff.
*Jane Criste,* for defendant.

BLAHOVEC, *J.,* July 1, 1987 — This matter comes before the court en banc on preliminary objections filed by defendant, Elsie K. Gibson to a complaint in divorce filed in the Court of Common Pleas of Westmoreland County on April 2, 1987 by plaintiff, Ermyl E. Gibson. The complaint seeks a divorce on grounds of indignities and seeks equitable division of property. The complaint recites that Ermyl E. Gibson filed a prior action in divorce at no. 14 Divorce 1986 in the Court of Common Pleas of Somerset County, Pa. That complaint seeks a divorce on grounds of irretrievable breakdown. Defendant filed an answer to the complaint in Somerset County.

A motion to discontinue the action at no. 14 Divorce 1986 in Somerset County was presented on behalf of plaintiff and was argued before Honorable Judge Eugene Fike on January 15, 1987. In a well reasoned memorandum and order dated April 8, 1987, Judge Fike denied plaintiff's petition to transfer.

Clearly plaintiff resides in Westmoreland County and defendant resides in Somerset County. Pa.

R.C.P. 1920.2 provides that an action in divorce may be brought only in the county in which the plaintiff or defendant resides. Likewise, Pa. R.C.P. 1006(d)(1) provides that for the convenience of parties and witnesses, the court, upon petition of any party, may transfer an action to the appropriate court of any other county where the action could originally have been brought. Clearly Judge Fike could have transferred the action here in Westmoreland County if he found it convenient for parties and witnesses. Equally clear is the fact that this court can transfer the present case to Somerset County under the same rationale. Also plaintiff could easily amend his Somerset County complaint to include a ground of indignities. His failure to do so creates a strong hint of forum shopping.

Plaintiff bases his claim of right to maintain two separate divorce actions in two separate adjacent counties on the Northumberland County Common Pleas Court case of *Tobias v. Tobias,* 19 D. & C. 3d 354 (1981). In that case, the court concluded that the fact that plaintiff filed a prior action in Schuylkill County, alleging indignities which was still pending did not preclude the filing of a subsequent action in Northumberland County alleging irretrievable breakdown. The court concluded the two cases were "radically different." Counsel for plaintiff argues that *Tobias* is squarely on point with the case at bar, and it apparently is. For reasons that will be set forth, this court concludes that *Tobias* is not the law in Westmoreland County.

The case of *Betz v. Betz,* 103 Pa. Super. 306, 157 Atl. 359 (1931) held that parallel jurisdiction in divorce litigation was permissible because such jurisdiction eliminated the deadlock that resulted from denying a divorce to a plaintiff while refusing to permit a defendant to counterclaim for divorce. At the

time of *Betz,* counterclaim in divorce litigation was not permitted. *Betz* permitted a defendant in a divorce action file a separate action in divorce even while a plaintiff's original action was still pending. The rationale of *Tobias* seems rooted in the historical context of *Betz.*

In *Gantz v. Gantz,* 338 Pa. Super. 528, 488 A.2d 17 (1985), the wife, a defendant in a 201(c) divorce action filed in Delaware County, filed exceptions claiming the Delaware County court had no jurisdiction to hear the divorce case. The basis of her claim was that after the filing of the Delaware County action, she filed a new divorce action in Montgomery County.

The Superior Court panel, per the honorable Patrick Tamilia, found the filing of a separate, subsequent divorce complaint violative of "the spirit, if not the letter of the joinder and counterclaim provisions of the 1980 Divorce Code." *Gantz, supra.* Judge Tamilia concluded that the legislative intent was to make mandatory rather than permissive the consolidation of all issues germane to the dissolution of a marriage so as to prevent fragmentation. It clearly would foster fragmentation, create economic hardship on the parties, and destroy judicial economy as well as the purpose of the Divorce Code, to allow a plaintiff to file one action under 201(c) in one county and one action under indignities in another. To say that the grounds are different is to state the obvious, but clearly the *actions* are also similar — same parties and same goal, namely the dissolution of a marriage between those parties.

In *Gantz,* Judge Tamilia stated: "We feel that 23 P.S. § 301 (a) must be interpreted to require consolidation of all issues in divorce so as to counter the monumental waste of judicial time and litigants' money which is represented by continued applica-

tion of an antiquated procedure no longer justifiable by circumstance or policy. . . . The same regularity, consistency and predictability must be brought into the proceeding for divorce as has occurred in custody, and to a lesser extent, support actions." *Gantz, supra.*

In short, under our new Divorce Code which states in 23 P.S. § 102(4) that it is the policy of the Commonwealth of Pennsylvania to mitigage the harm to the spouses and their children caused by the legal dissolution of marriage, *Betz* no longer makes sense. With the liberal joinder provisions of the code, there is no logical reason to permit maintenance of separate divorce actions. *Tobias* fails to consider the issues of wasted judicial time and litigants' money raised by the Superior Court in *Gantz.*

In the present case, *plaintiff* chose Somerset County as a forum, and he sought divorce under 201(c). His lawyer at that time was from Somerset. Now he seeks to pursue a Westmoreland County divorce on indignities grounds while the Somerset County action is still active, and defendant has filed responsive pleadings and the Somerset County court has declined to transfer the original divorce case to Westmoreland County. His present lawyer is from Westmoreland County. Plaintiff could clearly amend his complaint in Somerset to include indignities. Likewise, this court could transfer the present action to Somerset pursuant to Pa. R.C.P. 1006 (d) (i). No prejudice results to plaintiff by requiring him to proceed in the original forum he selected. Judge Fike has already determined that prejudice would result to defendant on a transfer of the first divorce action to Westmoreland County.

To allow plaintiff to proceed with the present action would encourage forum shopping and frag-

mentation of actions in divorce contrary to *Gantz* and the Divorce Code itself.

Accordingly,

## ORDER OF COURT

And now, July 1, 1987, after consideration of the arguments and briefs of counsel, it is hereby ordered and decreed that defendant's preliminary objections to the complaint in divorce filed at the above number are sustained and the complaint in divorce is hereby dismissed, effective 20 days after the date of this order.

Within the 20 days plaintiff may petition this court to transfer the above action to Somerset County to be consolidated with the action at no. 14 divorce 1986 in the Court of Common Pleas of Somerset County, and the request will be summarily granted for the reasons set forth in the attached opinion.