Draves, Appellant, *v.* Draves.

36

Argued October 30, 1946. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Joseph Alessandroni,* for appellant.

*John J. McCreesh, Jr.,* for appellee.

OPINION BY ROSS, J., December 11, 1946:

On August 24, 1944, the libellant filed a libel for divorce on the grounds of cruel and barbarous treatment and indignities to her person. After an answer was filed, the libellant, pursuant to a rule, filed a bill of particulars. The matter was referred to a master who, after the taking of testimony, recommended dismissal of the libel. Exceptions to his report were dismissed by the court below, the report of the master approved and the libel dismissed, and this appeal followed.

Although the appellant assigns as error the dismissal of the libel, she does not press that assignment, but her argument is confined to the refusal of the master to allow her to testify that the respondent made

several demands upon her to have unnatural sexual intercourse.

The master held five different hearings, starting December 14, 1944, and ending February 5, 1945, and libellant's offer of testimony relative to the demands of the respondent was offered at the fifth hearing and after 459 typewritten pages of testimony had been taken. At the first hearing the libellant testified in great detail—112 typewritten pages—but made no reference to the alleged demands, and after three other witnesses testified, the libellant rested her case, although at later hearings she was allowed to call additional witnesses. However, she did not offer to testify at the second, third or fourth hearings. Furthermore, her bill of particulars was in great detail but made no reference to the alleged demands. We are of the opinion that under the circumstances in this case and the state of the record at the time the offer was made, the master did not err in refusing libellant's offer.

As stated by the learned court below, "The libellant closed her case without alleging or proving any demands for unnatural intercourse. A charge of this kind is easily made and difficult to disprove except by denial. If this charge was honestly made and well founded and not brought to bolster a weak case, it could readily have been set forth in the Bill of Particulars or at least advanced when the libellant presented her case in chief, and not having set it forth in her Bill of Particulars and not having offered proof of it in her testimony, she should not be permitted to offer it at the last meeting as rebuttal. Furthermore, the hearings in this case have been unduly extended by the parties and the Master had patiently and considerately given to the parties every opportunity to present their evidence in the five hearings that had been held."

Decree is affirmed.