474 A.2d 45

**Millicent L. JAKSTYS, Appellant,**

v.

**James W. JAKSTYS.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1984.
Filed March 30, 1984.

---

David Gutin, Philadelphia, for appellant.

James W. Jakstys, Philadelphia, appellee, in propria persona.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

The sole issue on appeal is whether no-fault grounds for divorce survive the non pros of a divorce action for failure to file a bill of particulars. We hold that a bill of particulars is not required in a no-fault divorce action. According-

ly, we reverse the order of the court below and remand for a full hearing on appellant's petition for alimony pendente lite, counsel fees and costs.

The parties were married on September 28, 1963, and are currently separated. On May 8, 1981, appellant-wife, Millicent L. Jakstys, filed a Complaint in Divorce based on §§ 201(a)(6) (indignities), 201(c) (irretrievable breakdown and consent), and 201(d) (irretrievable breakdown and three years separation) of the Pennsylvania Divorce Code of 1980. On June 2, 1981, appellee-husband, James W. Jakstys, filed a Praecipe and Rule for a Bill of Particulars, and the Montgomery County Prothonotary ordered appellant to file a bill of particulars within 20 days after service of the rule or suffer a non pros. On July 9, 1981, subsequent to appellant's failure to file the bill of particulars, the divorce action was non prossed. Despite the non pros, on May 4, 1982, appellant petitioned the lower court for alimony pendente lite, counsel fees and costs. Following a hearing, the court denied appellant's petition on August 12, 1982, prompting this appeal.[1]

The 1980 Divorce Code, 23 P.S. § 101 *et seq.*, while retaining the previous fault grounds for divorce, also added the following "no-fault" grounds:

▪ [where] the marriage is irretrievably broken and 90 days have elapsed from the date of filing of the complaint and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce.

▪ [where] the parties have lived separate and apart for a period of at least three years, and ... the marriage is irretrievably broken.

*Id.* §§ 201(c) and (d)(1). Rule 1920.21 of the Pennsylvania Rules of Civil Procedure, in effect during the lower court proceedings in the instant case, provided that:

---

**1.** Appellant does not appeal the non pros of the fault ground, § 201(a)(6) (indignities), for the divorce action and it is not an issue on appeal.

(a) The prothonotary on praecipe shall enter a rule as of course upon the party seeking a divorce or annulment to file a bill of particulars as to such cause of action.

(b) If a bill of particulars is not filed within twenty days after service of the rule or within such further time as the court may allow, the prothonotary upon praecipe shall enter a judgment of non pros against the defaulting party with respect to the cause of action for divorce or annulment and such other claims as have been joined in which relief is dependent upon the granting of divorce or annulment.

(c) No answer to a bill of particulars is required.

Pa.R.Civ.P. 1920.21 (adopted June 27, 1980; effective July 1, 1980). On its face, Rule 1920.21 appears to require the filing of a bill of particulars in a divorce action, regardless of whether fault or no-fault grounds are alleged. We base our conclusion to the contrary, however, upon the following considerations: (1) the purpose of the bill of particulars; (2) the legislative intent embodied in the 1980 Divorce Code; (3) the reason for the promulgation of Pa.R.Civ.P. 1920.1 *et seq.;* and (4) the 1983 amendments to Rule 1920.21.

■ Prior to the adoption of the 1980 Divorce Code, parties seeking divorce had to allege one of the fault or illegality grounds contained in the Divorce Law of 1929, 23 P.S. § 1 *et seq.* (repealed 1980). Section 40 of the Divorce Law provided for the furnishing of a bill of particulars and failure to furnish the bill would result in a judgment of non pros. *Esenwein v. Esenwein,* 312 Pa. 77, 78–79, 167 A. 350, 351 (1933). In divorce actions based on fault grounds, the bill of particulars serves a valuable purpose:

"A bill of particulars is an amplification or more particular specification of the matter set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, it must be as specific as the circumstances of the case will allow, and should fairly apprise the opposite party and the court of the nature of the claim or defense made and the nature of

the evidence." *Weedon v. Weedon,* 34 Pa.Superior Ct. 358 (1907).

The bill of particulars limits the evidence which a party may introduce inasmuch as such evidence must conform to the averments of the bill: *Cantwell v. Cantwell,* 179 Pa.Superior Ct. 452, 115 A.2d 801 (1955). A plaintiff who fails to set forth a particular occurrence should not be permitted to prove the occurrence at the hearing: *Draves v. Draves,* 160 Pa.Superior Ct. 35, 49 A.2d 840 (1947). *Walters v. Walters,* 6 Pa.D. & C.3d 269, 271–72 (Dauphin Co.1978). Thus, the rule limiting permissible evidence to the allegations contained in the pleadings (which include the bill of particulars) ensures that the defendant in the fault divorce action is put on notice as to the allegations, *i.e.* instances of misconduct, against which he must prepare a defense. *Cantwell v. Cantwell,* 179 Pa.Superior Ct. 452, 456, 115 A.2d 801, 802 (1955). Consequently, courts have focused on whether the bill of particulars contained sufficiently specific factual averments to enable the defendant to prepare a defense. *See, e.g., Bowman v. Bowman,* 9 Pa.D. & C.3d 241 (Columbia Co.1978) (in divorce action grounded on indignities, bill of particulars alleging courses of conduct sufficient). *See also Homme v. Homme,* 53 Wash. 173 (1973); *Predi v. Predi,* 18 Chest. 253 (1969); *Miller v. Miller,* 17 Chest. 206 (1969). Clearly then, the purpose served by the bill of particulars in fault divorces loses vitality in no-fault divorce actions under the new Divorce Code, which de-emphasizes the adversarial nature of divorce and the apportionment of blame.

The legislative intent behind the 1980 Divorce Code is expressly set forth in § 102 of the Code, and summarized as follows:

[T]he six subsections of § 102(a) [of the Pennsylvania Divorce Code] all express different aspects of a single consistent philosophy on marriage and the family, ...: The family is the basic unit in society and should be preserved and protected. However, when a marriage cannot be preserved, which is to say, when one or more of

the grounds for divorce contained in § 201 exist, the dissolution should be accomplished in a manner that recognizes the prior existence of the family as both an economic and a social unit, and that emphasizes the future welfare of each member of the family, instead of in a manner that identifies and punishes guilty parties. *Gordon v. Gordon*, 293 Pa.Superior Ct. 491, 510–11, 439 A.2d 683, 692–93 (1981), *aff'd*, 498 Pa. 570, 449 A.2d 1378 (1982). *See also* 23 P.S. § 102.[2] Considering this clear pronouncement of Commonwealth policy, we conclude that the bill of particulars, which serves to pinpoint specific acts of alleged misconduct, has no application in a no-fault divorce action.

■ We next note that Rules 1920.1 *et seq.* of the Pennsylvania Rules of Civil Procedure were promulgated specifically to implement the 1980 Divorce Code. *See* Pa.R.Civ.P. 1920.1 *et seq.* explanatory comment (adopted June 27, 1980; effective July 1, 1980). Thus, our interpretation of Rule 1920.21 must be consistent with the policy expressed in the Divorce Code. Finally, and of great significance, our con-

**2.** 23 P.S. § 102 contains the legislative findings and intent, as follows:

(a) The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to:

(1) Make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience.

(2) Encourage and effect reconciliation and settlement of differences between spouses, especially where children are involved.

(3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs.

(4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage.

(5) Seek causes rather than symptoms of family disintegration and cooperate with and utilize the resources available to deal with family problems.

(6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.

(b) The objectives set forth in subsection (a) shall be considered in construing provisions of this act and shall be regarded as expressing the legislative intent.

clusion that the rule requiring a bill of particulars applies only to fault divorce actions, is confirmed by our Supreme Court's 1983 amendments to the rule. As amended, Rule 1920.21 expressly limits the bill of particulars requirement to divorce actions based on fault grounds:

(a) The prothonotary on praecipe filed within such time as not to delay the trial shall enter a rule as of course upon the party seeking a divorce *under Section 201(a) or (b) of the Divorce Code* or an annulment to file a bill of particulars as to such cause of action.

Pa.R.Civ.P. 1920.21(a) (as amended January 28, 1983; effective July 1, 1983) (emphasis added). *See also* Pa.R.Civ.P. 1920.21 explanatory note ("bill of particulars may not be sought in an action for divorce on the no-fault grounds").

The lower court, while conceding that "[t]he amendments to Rule 1920.21 ... conform the language of the rule with its intended purposes", nevertheless concluded that at the time of the instant non pros, the rule required the filing of a bill of particulars in a divorce action, notwithstanding its fault or no-fault basis. (Lower Court Opinion at 4). We disagree. Although the amendment was not in effect at the time appellant's divorce action was non prossed, the Divorce Code was in effect. Therefore, Rule 1920.21, as originally adopted, should have been read, not in a vacuum, but against the background of the Divorce Code, the policy embodied therein, and the Rules promulgated to implement the Code.

In interpreting the letter of the procedural rules, we must not lose sight of common sense. It would be illogical to uphold the non pros of a divorce action based on no-fault grounds simply because no bill of particulars was filed where such bill serves no useful or necessary purpose in no-fault divorces.

Accordingly, for the considerations stated above, we reverse the lower court's order and remand for a full hearing

on appellant's petition for alimony pendente lite, counsel fees and costs.[3]

Reversed and remanded.

Jurisdiction is not retained.

**3.** The lower court also denied appellant's petition on the following additional grounds: (1) appellant failed to state a cause of action because appellee never signed an affidavit of consent and the parties had not been separated for at least three years; and (2) appellant did not appeal the judgment of non pros or challenge appellee's praecipe prior to the instant appeal. We disagree with the lower court's resolution of these issues. The divorce complaint was non prossed prior to the expiration of the 90-day period required under § 201(c) for consent divorces and Pa.R.A.P. 903 requires only that the notice of appeal be filed within 30 days after the entry of the order from which the appeal is taken. In the instant case, appellant filed the notice of appeal on August 27, 1982 from the lower court's order of August 12, 1982. We note, however, that appellant may not have stated a cause of action under § 201(d) because she filed the complaint on May 8, 1981, and alleged therein a separation date of January 1981, thus falling short of the required three years separation. This, however, does not change our result in the case.