489 A.2d 196

**Eleanor Hilda Goettel RESTIFO, Appellant,**

v.

**Joseph Vincent RESTIFO.**

Superior Court of Pennsylvania.

Argued Aug. 21, 1984.

Filed Jan. 25, 1985.

Reargument Denied April 4, 1985.

Albert C. Oehrle, Norristown, for appellant.

Joseph Restifo, in propria persona.

Before McEWEN, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

The issue on appeal is whether a defendant-spouse is entitled to a hearing on his counterclaim in divorce alleging fault grounds where the plaintiff-spouse alleged no-fault grounds in her complaint and withdrew her alimony claims. We hold that both parties were entitled to present evidence on their claims and, accordingly, affirm the order below.

The parties were married on April 8, 1956. On November 18, 1980, the wife filed a complaint in divorce under § 201(d) of the 1980 Divorce Code, alleging that the parties had been separated for at least three years and that the marriage was irretrievably broken. *See* 23 P.S. § 201(d)(1). She also sought equitable property distribution, alimony pendente lite and counsel fees and costs. She filed her § 201(d) affidavit the next day; no counter affidavit was filed by the husband. The husband subsequently filed an answer, new matter and a counterclaim seeking a divorce on the grounds of desertion, adultery and indignities.[1] The lower court appointed a Master in Divorce on February 17, 1981, and, at the Master's hearing on April 6, 1981, testimony was taken concerning the wife's "no-fault" grounds for divorce.

---

1. The husband also filed a divorce action against the wife in the Philadelphia Court of Common Pleas alleging both fault and no-fault grounds. The lower court, however, granted the wife injunctive relief, temporarily enjoining the husband from pursuing the Philadelphia action in divorce.

The husband then filed preliminary objections to the wife's equitable distribution claims asserting that it was unconstitutional to apply the Divorce Code retroactively. The lower court denied these preliminary objections on February 22, 1982, and directed the Master to proceed forthwith with disposing of all matters outstanding in the case. Upon the husband's appeal of the order, the Superior Court, in an August 20, 1982 *per curiam* order, quashed the appeal as interlocutory.

In a letter dated October 26, 1981, the wife's counsel requested the Master to file his report. Instead of filing the report, the Master held further hearings on the husband's counterclaim. On November 3, 1982, the wife filed a petition to compel the filing of a Master's Report on her no-fault claims alone and for a stay of proceedings. After the husband answered this petition, the lower court entered an order on November 12, 1983 which granted the stay and entered a rule against the husband to show cause why the wife's request should not be granted. Following a conference with the parties, the lower court entered the following order:

And now, January 7, 1983, after conference, Court enters following order.

1. Defendant has right to be heard on counterclaim.
2. Defendant has right to call plaintiff and any other witnesses on cross examination.
3. Master to proceed with hearing on defendants counterclaim.
4. All costs including Masters and further hearing costs to be paid by defendant.

Possible counter claim for Alimony Pendente Lite to be withdrawn.

On January 27, 1983, the wife filed a praecipe to withdraw her claim for alimony pendente lite and alimony. On February 2, she filed a petition for reconsideration of the January 7, 1983 order affirming the husband's right to a hearing on his counterclaim. On February 7, 1983, the lower court denied the petition for reconsideration but did certify the

issue as involving a controlling question of law as to which there is a substantial ground for difference of opinion and one as to which an immediate appeal would materially advance the ultimate termination of the matter. *See* 42 Pa.C.S.A. § 702(b) (interlocutory appeals by permission). Upon the wife's filing a petition for permission to appeal on February 8, the Superior Court, in a June 21, 1983 *per curiam* order, granted the petition, and the notice of appeal was docketed the same day. On September 23, 1983, the lower court filed an opinion, dated September 20, in support of its January 7 and February 7, 1983 orders.

■ Appellant-wife contends that, because her supporting affidavit and testimony at the first hearing were uncontested by appellee-husband, the lower court erred in refusing to direct the Master to file a report recommending a divorce on her no-fault grounds alone. She asserts that, in this case, the legislative intent behind the 1980 Divorce Code would be contravened by holding further hearings on appellee's fault counterclaim and that marital misconduct may now only be considered in a petition for alimony and alimony pendente lite. *See* 23 P.S. § 501(b)(14).

The legislative intent behind the 1980 Divorce Code is expressly set forth in § 102 of the Code, and summarized as follows:

[T]he six subsections of § 102(a) [of the Pennsylvania Divorce Code] all express different aspects of a single consistent philosophy on marriage and the family, ...: The family is the basic unit in society and should be preserved and protected. However, when a marriage cannot be preserved, which is to say, when one or more of the grounds for divorce contained in § 201 exist, the dissolution should be accomplished in a manner that recognizes the prior existence of the family as both an economic and a social unit, and that emphasizes the future welfare of each member of the family, instead of in a manner that identifies and punishes guilty parties.

*Gordon v. Gordon*, 293 Pa.Superior Ct. 491, 510–11, 439 A.2d 683, 692–93 (1981), *aff'd*, 498 Pa. 570, 449 A.2d 1378 (1982). *See also* 23 P.S. § 102.

*Jakstys v. Jakstys,* 326 Pa.Superior Ct. 367, 371–72, 474 A.2d 45, 47–48 (1984).[2] Thus, appellant-wife argues, in effect, that, once a no-fault basis for divorce has been proven, the court should not consider the opposing spouse's fault claims. We note, however, that the 1980 Divorce Code does not expressly provide for any such preferential treatment and sets forth fault and no-fault bases as alternative grounds for divorce. *See* 23 P.S. § 201(a), (c) and (d)(1).[3]

2. 23 P.S. § 102 contains the legislative findings and intent, as follows:

(a) The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to:

(1) Make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience.

(2) Encourage and effect reconciliation and settlement of differences between spouses, especially where children are involved.

(3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs.

(4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage.

(5) Seek causes rather than symptoms of family disintegration and cooperate with and utilize the resources available to deal with family problems.

(6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.

(b) The objectives set forth in subsection (a) shall be considered in construing provisions of this act and shall be regarded as expressing the legislative intent.

3. Section 201(a) sets forth the following fault grounds for divorce:

(a) It shall be lawful for the court to grant a divorce to the innocent and injured spouse whenever it shall be judged that the other spouse shall have:

(1) Committed willful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for the period of one or more years.

(2) Committed adultery.

(3) By cruel and barbarous treatment, endangered the life or health of the injured and innocent spouse.

(4) Knowingly entered into a bigamous marriage while a former marriage still is subsisting.

(5) Been sentenced to imprisonment for a term of two or more years upon conviction of having committed a crime.

(6) Offered such indignities to the innocent and injured spouse as to render his or her condition intolerable and life burdensome.

Therefore, the legislature clearly intended to retain the traditional fault grounds for divorce when it added the no-fault grounds in 1980 and arguably intended to retain them on an equal footing with the no-fault grounds. In the absence of a legislative pronouncement excluding consideration of fault grounds when no-fault grounds are also alleged, we decline to adopt appellant's argument.

Additionally, this Court has stated that "a party may now, in one action, not only defend against the grant of a divorce sought by his or her spouse, but also may accomplish affirmative action and secure a divorce[.]" *Ford v. Ford*, 291 Pa.Superior Ct. 381, 383, 435 A.2d 1278, 1279 (1981), *citing* Pa.R.Civ.P. 1130(b) (adopted 1947, amended 1961). Although Rule 1130(b) was rescinded in 1980, it was replaced by Rule 1920.15(a) which is substantially similar:

> The defendant may set forth in an answer under the heading "Counterclaim" a cause of action for divorce or for annulment and, whether the defendant does so or not, may set forth any other matter which under the Divorce Code may be joined with an action for divorce.

Pa.R.Civ.P. 1920.15(a) (adopted June 27, 1980; effective July 1, 1980). *Cf. Betz v. Betz*, 103 Pa.Superior Ct. 306, 157 A. 359 (1931) (parties may file cross suits each seeking to secure divorce in his or her favor but on separate and

Section 201(c) and (d)(1) provides for two no-fault grounds:

(c) It shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and 90 days have elapsed from the date of filing of the complaint and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce.

(d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:

(i) the respondent does not deny the allegations set forth in the affidavit;

or

(ii) the respondent denies one or more of the allegations set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken.

distinct grounds). Thus, appellee-husband was entitled to seek a divorce on his own theory by filing a counterclaim to appellant's complaint. Having filed the counterclaim, then, we see no reason for not allowing him to present evidence on his counterclaim so that the court can determine the proper grounds for granting the divorce.

We find the reasoning of the New Jersey Supreme Court in *Chalmers v. Chalmers*, 65 N.J. 186, 320 A.2d 478 (1974), persuasive. In that case, the wife's complaint in divorce alleged no-fault grounds (*i.e.* 18 consecutive months separation) and the husband counter-claimed on adultery grounds. The New Jersey Supreme Court, in upholding the grant of a divorce to the husband on his counterclaim and the dismissal of the wife's complaint, found that, although the wife had proved her case on separation grounds, the separation was the result of the wife's admittedly adulterous conduct. *Id.* at 190–91, 320 A.2d at 480–81. Similarly, here, appellee-husband asserts that the three years separation was the result of appellant-wife's desertion. (Brief for Appellee at 5). Under these circumstances, we hold that he was also entitled to present evidence in support of his fault claims so that the lower court would have within its discretion the *option* of granting the divorce to appellee on his counterclaim should it determine that the separation was caused by appellant's misconduct.[4]

Accordingly, we find no error in the January 7 and February 7, 1983, orders of the court below.

Affirmed.

4. We limit our holding to the facts of this case.
    *But cf. Barbara B.S. v. S. Allen S. (S. v. S.)*, Court of Common Pleas, Allegheny County, Family Div., Case No. 876 October Term 1977 (March 5, 1982) (court denied the husband's petition to appoint a master to take testimony on the grounds of adultery and ordered that, upon completion of the three years living separate and apart, it would entertain a decree in divorce pursuant to § 201(d) of the Divorce Code).