## Armstrong v. Armstrong

*Robert Elion*, for plaintiff.
*Paul W. Brann*, for defendant.

SMITH, *J.*, March 21, 1985—On August 17, 1984, plaintiff filed a complaint in divorce alleging grounds for divorce under sections 201(a)(6), 201(c) and 201(d) of the Divorce Code, Act of April 2, 1980, P.L. 63, 23 P.S. §101 et seq. Defendant answered, denying that the marriage was irretrievably broken, pursuant to §201(c) and §201(d) and asserted grounds under §201(a)(6). On February 14, 1985, plaintiff filed an affidavit of consent.

Plaintiff now seeks to compel the defendant to file an affidavit of consent through the filing of a motion to compel signing of an affidavit of consent. Plaintiff cites to the recent case of Way v. Way, 16 Lyc. 109 (1985) where this court directed plaintiff to file an

affidavit of consent or suffer dismissal of the action. The court finds that the Way case is distinguishable and will not grant the relief requested by plaintiff.

In Way, the court was presented with a situation where plaintiff admitted in his pleadings that the marriage was irretrievably broken. Subsequently, defendant filed an affidavit of consent admitting that the marriage was irretrievably broken. The court, citing Chang v. Chang, 82-20, 554 (Opinion of November 14, 1983), stated that in such a case all facts relevant to the divorce have been admitted and that the plaintiff cannot be permitted to delay the entry of a divorce decree simply so that he may obtain a decree "exclusively on his own terms." Way at 110.

We have a completely different situation in the present case. Here, the only party who has admitted that the marriage is irretrievably broken is plaintiff. Defendant specifically denies this fact. The court has no authority to compel the defendant to admit facts which she continues to deny. While this lack of authority by the court leads inevitably to delay, such delay cannot be avoided if the defendant is to be afforded a fair hearing on facts in dispute.

Additionally, this case differs from Way because defendant has counterclaimed under section 201(a)(6) of the Divorce Code. The Superior Court has recently held that the legislature intended to retain fault grounds for a divorce on an equal footing with no fault grounds. Restifo v. Restifo, Pa. Super. , 489 A.2d 196 (1985). Thus, defendant is entitled to pursue a divorce claim under section 201(a)(6) of the Divorce Code if the limited circumstances of the Restifo case apply to this case.

Finally, it is apparent that the relief requested by plaintiff may not be ordered by the court. The purpose of the affidavit of consent is to evidence a

present intention by the party to finalize the divorce. The court cannot order a party to acquire that intention, and, therefore, cannot order a party to sign the affidavit. The court can, and has, conditioned the ability of a claimant to pursue a divorce action or obtain alimony pendente lite on that party's executing an affidavit of consent; however, the failure of the party to execute the affidavit will result only in the termination of alimony pendente lite or the dismissal of claims which the party who fails to file the affidavit is pursuing.

In finding that plaintiff may not pursue his motion at this time we do not wish to infer that he may not file a similar motion at an appropriate time in the future. Defendant is seeking to obtain alimony pendente lite. If defendant receives alimony pendente lite and refuses to proceed to hearing on the indignities count, the court could entertain a motion to terminate alimony pendente lite or to dismiss the indignities count.

## ORDER

And now, March 21, 1985, the rule to show cause issued February 14, 1985, is dismissed; and it is ordered and directed that plaintiff's motion to compel signing of affidavit of consent is denied.