## Federici v. Federici

*Joseph P. Martone,* for plaintiff.
*Ted G. Miller,* for defendant.

JOYCE *J.,* October 17, 1986 — This matter comes before the court on defendant's motion to dismiss plaintiff's divorce action. Defendant wife filed a limited appearance to contest both personal and subject matter jurisdiction of this court due to the pendency of a prior action filed in New York by defendant.

On May 17, 1984, defendant wife filed an action in the Supreme Court of Nassau County, N.Y., seeking legal separation pursuant to section 200 of the New York Domestic Relations Law. Nassau County, N.Y. was the marital residence at the time of the filing of the above action and had been since the parties were married on September 19, 1971. Plaintiff husband in the instant action appeared through counsel and filed an appearance to the New York complaint on July 30, 1984, and on August 6, 1984, the Supreme Court of Nassau County granted defendant wife temporary maintenance, child support and custody, which was followed by an enforcement order entered by the same court on January 26, 1985.

On March 8, 1985, plaintiff husband filed papers with the New York Court indicating his intent to proceed pro se. Shortly thereafter, on September 11, 1985, plaintiff filed a complaint in divorce under section 201(c) of the Pennsylvania Divorce Code of 1980. Almost one year later, on September 9, 1986, defendant wife filed a limited appearance questioning the jurisdiction of this court and requesting dismissal of plaintiff's actions. On March 14, 1986, defendant wife converted her New York legal separation action to one for divorce based upon the legal separation pursuant to section 170 of the New York Domestic Relations Law. It should be noted that plaintiff herein had attempted to pursue a divorce in Luzerne County, Pa. in late 1984, which was dismissed for jurisdictional issues in November 1984 by the Luzerne County Common Pleas Court.

Thus , the issue presented to this court is whether a resident of Pennsylvania may maintain a divorce action in Pennsylvania after an action resulting in legal separation has been maintained in New York but before the New York action has been converted into a divorce action. It is this court's position that the question must be answered in the affirmative. It is clear that defendant wife's action in New York is based upon different grounds than plaintiff's action in Pennnsylvania (legal separation for one year or more versus irretrievable breakdown). In *Ford v. Ford,* 291 Pa. Super. 421 435 A.2d 1298 (1981), the pendency of a prior action in either state would not warrant dismissal. See also, *Restifo v. Restifo,* 339 Pa. Super. 352 489 A.2d 196 (1985).

Plaintiff's motive for attempting to dissolve the marriage in Pennsylvania rather than New York certainly is suspect due to the fact that he could have simply counterclaimed for divorce under the

New York divorce law in the same action defendant is currently pursuing in New York. However, it is the court's position that plaintiff does indeed have the right to seek termination of the marriage in the state in which he resides. This does not mean that Pennsylvania is the proper jurisdiction to determine the related marital claims. This court will not consider any marital claims and leaves those related matters to the New York court to address in the pending New York action pursuant to the divisible divorce doctrine espoused in *Stambaugh v. Stambaugh,* 458 Pa. 147 329 A.2d 483 (1974). It should also be noted that plaintiff husband's original complaint filed in this matter only requests that this court enter a divorce and does not address any related marital claims. Neither has there been anything filed of record which indicates that the court should in fact entertain those matters.

This court also believes it should not entertain any marital matters aside from the divorce issue itself based upon the legal principle of comity. The legal separation action in New York has already resulted in at least a temporary order regarding economic issues, including support, maintenance and custody. Since the New York court has already investigated and taken a position relative to those issues, this court will defer to New York for resolution of those matters in final form.

## ORDER

And now, this October 17, 1986, defendant's motion is denied as it relates to the dismissal of plaintiff's divorce action, but is granted as to dismissal of related marital claims and the order appointing a master to hear any related marital claims is hereby vacated.